IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:23-cv-517

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association, <br><br> Plaintiff, <br><br> v. <br><br> NIGHT NURSE TRUCKING LLC, a North Carolina limited liability company, and CLARA GITHINJI, an individual resident and citizen of North Carolina, <br><br> Defendants. | VERIFIED COMPLAINT |

Plaintiff, BMO Harris Bank N.A., by its attorneys, complains of Defendants, Night Nurse Trucking LLC and Clara Githinji, as follows:

**THE PARTIES**

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois.

2. Defendant, Night Nurse Trucking LLC ("Borrower"), is a limited liability company organized under the laws of the State of North Carolina with its principal place of business located at 13142 Erwin Road, Charlotte, North Carolina. On information and belief, the members of Borrower are Clara Githinji, Zellah Warui[1], Joan Mathenge, and Brian Warui, each domiciled in North Carolina.

3. Defendant, Clara Githinji ("Guarantor"), is a citizen of the State of North Carolina residing at 13142 Erwin Road, Charlotte, North Carolina.

---

[1] Zellah Warui has also guaranteed Borrower's obligations to Plaintiff at issue here, but is presently a debtor with a Chapter 13 petition before the United States Bankruptcy Court for the Western District of North Carolina, Case No. 23-30495 (the "Zellah Bankruptcy"). As such, no relief is presently sought against Zellah Warui hereby.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. One or more of the Defendants resides within that geographical area known as the Western District of North Carolina. Further, the events that gave rise to the causes of action alleged in this complaint occurred in said District and the property sought to be recovered is located within said District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

### The Agreements

9. On or about January 23, 2020, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and extensions thereto, the "First Loan Agreement"), whereby Plaintiff agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business (the "First Loan Collateral"), and Borrower agreed to repay the amounts borrowed, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the First Loan Agreement, together with all amendments and modifications thereto, is attached hereto as "**Exhibit A**."

10. On or about May 13, 2020, Borrower requested a payment modification on the accounts under the First Loan Agreement and a prior loan, and Plaintiff granted a modification for payments thereunder. As set forth in the modification, Borrower's payment obligations under the First Loan Agreement would be modified as set forth in the exhibits attached thereto. A true and

correct copy of the May 13, 2020, correspondence from Plaintiff to Borrower setting the terms of this modification (the "First Modification") is incorporated into Exhibit A.

11. On or about December 1, 2021, Borrower requested a further modification on the accounts under the First Loan Agreement and a prior loan, and Plaintiff granted a modification for payments thereunder. As set forth in the modification, Borrower's payment obligations under the First Loan Agreement would be modified as set forth in the exhibits attached thereto. A true and correct copy of the December 1, 2021, modification of the First Loan Agreement (the "Second Modification") is incorporated into Exhibit A.

12. On or about July 27, 2021, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and extensions thereto, the "Second Loan Agreement" and together with the First Loan Agreement, the "Agreements"), whereby Plaintiff agreed to finance Borrower's purchase of the equipment described therein for use in Borrower's business (the "Second Loan Collateral" and together with the First Loan Collateral, the "Collateral"), and Borrower agreed to repay the amounts borrowed, including interest, pursuant to the terms and conditions stated therein. A true and correct copy of the Second Loan Agreement, together with all amendments and modifications thereto, is attached hereto as "**Exhibit B**."

## The Collateral

13. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the Collateral, which includes all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto. In summary, the Collateral consists of the following vehicles:

| Agmt. | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2020 | Great Dane | Refrigerated Vans 53' | Trailer | 1GR1A0621LW182695 |
| Second | 2020 | Kenworth | W990 | Tractor | 1XK1D49X8LJ428322 |

14. Plaintiff perfected its security interest in the Collateral by recording its lien on the Certificates of Title for the vehicles that comprise the Collateral. A true and correct copy of the Certificate of Title issued by the Commissioner of Motor Vehicles of the State of North Carolina for the First Agreement Collateral together with the Certificate of Title issued by the Secretary of State of Maine for the Second Agreement Collateral are attached hereto as "**Exhibit C**."

### The Guaranties

15. To induce Plaintiff to enter into the Agreements, Guarantor guaranteed the full and timely performance of Borrower under all of its present and future liabilities to Plaintiff (the "Guaranties"). A true and correct copy of the Continuing Guaranties executed by Guarantor dated January 23, 2020, and July 27, 2021, evidencing the Guaranties are attached hereto as "**Exhibit D**."

### Defaults by Defendants

16. Borrower is in default under the terms of the Agreements.

17. Specifically, Borrower failed to make payments under the Agreements as modified when payments became due.

18. More specifically, Borrower failed to make the payment due on March 7, 2023, under the First Loan Agreement and the payment due on March 1, 2023, under the Second Loan Agreement. Borrower's payment default is continuing.

19. In addition, on July 21, 2023, Zellah Warui, who also guarantied Borrower's obligations to Plaintiff at issue here, filed a petition for relief under Chapter 13 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of North Carolina, Case No. 23-30495, which filing is an event of default under the Agreements. Due to the Chapter 13 bankruptcy filing, Zellah Warui has not been named as a defendant in this action,

and out of an abundance of caution, Plaintiff affirmatively states that no relief against Zellah Warui is presently sought by Plaintiff by the filing of this Complaint.

20. Guarantor is in default under the Guaranties.

21. Specifically, Guarantor failed to make the payments under the Agreements pursuant to the Guaranties when those payments became due.

22. Pursuant to the terms of the Agreements, the entire amount due thereunder has been accelerated. The principal amount due and owing under the Agreements after acceleration totals not less than $185,635.72.

23. Under the Agreements, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1.5%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360-day year consisting of twelve 30-day months.

24. Under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

25. Under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

26. Under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by lender in the enforcement of its rights thereunder, including this lawsuit.

27. Under the Agreements, Plaintiff has the right to, with or without demand or notice, enter any premises where the Collateral may be and take possession of and remove it from the premises.

28. Under the Guaranties, Guarantor is obligated to pay to Plaintiff all amounts owed by Borrower, without limitation.

29. Plaintiff notified Borrower and Guarantor of their defaults under the Agreements and the Guaranties respectively and made demand upon them to pay the amounts due thereunder and surrender the Collateral.

30. In addition, by letters dated July 3, 2023, Plaintiff notified Borrower and Guarantor of its election to accelerate the amount due and owing under the Agreements and made written demand upon Borrower and Guarantor to pay the amount due and to surrender possession of the Collateral. True and correct copies of Plaintiff's Notice of Default and Acceleration and Notice of Default Respecting Guaranty, each dated July 3, 2023, are attached hereto and incorporated herein as "**Exhibit E**."

31. Despite express demand, Borrower and Guarantor have failed or refused to pay the amount due and owing under the Agreements and Guaranties respectively.

32. Despite express demand, Borrower has failed to return the Collateral to Plaintiff.

33. Calculated as of June 26, 2023, the amount due and owing under the Agreements, including accrued interest and fees, but not including attorney's fees and expenses or cost of collection is an amount not less than $196,702.80.

34. The Agreements and the Guaranties expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

35. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and the Guaranties.

### COUNT I - Breach of Contract (Borrower)

36. Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

37. Plaintiff has performed all terms and conditions of the Agreements to be performed by Plaintiff.

38. Borrower has not performed under the Agreements on Borrower's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

39. Under the Agreements, Plaintiff is entitled to contractual money damages from Borrower as provided therein.

40. The Agreements provides that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

### COUNT II - Breach of Contract (Guarantor)

41. Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

42. Plaintiff has performed all terms and conditions of the Guaranties to be performed by Plaintiff.

43. Guarantor has not performed under the Guaranties on Guarantor's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

44. Under the Guaranties pursuant to the Agreements, Plaintiff is entitled to contractual money damages from Guarantor as provided therein.

45. The Agreements and the Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

### COUNT III – Replevin

46. Plaintiff incorporates and realleges all preceding paragraphs in this Count III.

47. This claim is brought pursuant to Rule 64 of the Federal Rules of Civil Procedure, and N.C. Gen. Stat. § 1-472 et. seq.

48. Pursuant to the Agreements, upon Borrower's default thereunder, Plaintiff is lawfully entitled to possession of the Collateral.

49. The Collateral is wrongfully detained by Defendants.

50. According to the best knowledge, information, and belief of Plaintiff, the reason for Borrower's detention of the Collateral is Borrower's refusal to comply with the terms of the Agreements.

51. The Collateral consists of two independent pieces of property (the First Loan Collateral together comprises a single unit), together with any accessories, accessions, replacement parts or substitutions. Solely for the purpose of setting an appropriate bond and not an admission of value, Plaintiff estimates the value of the Collateral as approximately $172,350.

52. Based upon the best knowledge, information, and belief of Plaintiff, the Collateral is based out of Borrower's location at 13142 Erwin Road, Charlotte, Mecklenburg County, North Carolina, as set forth in the Agreements and on the Certificates of Title (s*ee* Exhs. A-C) but is unlikely to be at that location at any given time.

53. The Collateral has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution or attachment against the property of Plaintiff.

54. Given Defendants' possession of the Collateral, it is within the power of Defendants to conceal, waste, encumber, convert, convey, or remove the Collateral from the jurisdiction of the Court, or Plaintiff's post-judgment remedy would be otherwise inadequate.

55. Plaintiff claims the value of the Collateral not delivered to the officer by virtue of the enforcement of a writ of replevin.

**COUNT IV – Specific Performance**

56. Plaintiff incorporates and realleges all preceding paragraphs in this Count IV.

57. In the event of default by Borrower under the Agreements, Borrower is obligated to return the Collateral at its expense and to any location that Plaintiff directs.

58. In the event of default by Borrower under the Agreements, Plaintiff is entitled to take possession of the Collateral or direct Borrower to remove it to a place deemed convenient by Plaintiff.

59. In the event of default by Borrower under the Agreements, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

60. Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

61. Despite demand by Plaintiff, Borrower has failed to return the Collateral.

## COUNT V –Injunctive Relief

62. Plaintiff incorporates and realleges all preceding paragraphs in this Count V.

63. Borrower continues to possess and utilize, or is capable of utilizing, the Collateral for transportation, shipping and other commercial purposes.

64. On any given day the Collateral is located, or is capable of being located, in diverse places throughout the United States.

65. The Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

66. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

67. The Agreements and the Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

**Demand for Attorneys' Fees and Costs**

68. PURSUANT TO THE PROVISIONS OF N.C. GEN. STAT. § 6-21.2, THE PLAINTIFF HEREBY GIVES NOTICE TO THE DEFENDANTS THAT IT INTENDS TO ENFORCE THOSE PROVISIONS OF THE AGREEMENTS CALLING FOR THE PAYMENT OF ATTORNEY FEES. THE PLAINTIFF HEREBY FURTHER NOTIFIES THE DEFENDANTS THAT THE DEFENDANTS MAY AVOID THE IMPOSITION OF ATTORNEY FEES BY PAYING THE CURRENT OUTSTANDING BALANCE, TOGETHER WITH ACCRUED INTEREST, TO THE UNDERSIGNED AT THE ADDRESS SHOWN BELOW WITHIN FIVE (5) DAYS AFTER THE DEFENDANTS HAVE BEEN SERVED WITH A COPY OF THIS SUMMONS AND COMPLAINT. IF THE DEFENDANTS PAY SAID SUM TO THE UNDERSIGNED WITHIN FIVE (5) DAYS AFTER SERVICE, THE PLAINTIFF WILL NEITHER SEEK TO ENFORCE THOSE PROVISIONS, NOR PURSUE FURTHER LEGAL REMEDIES AGAINST THE DEFENDANTS.

\* \* \*

WHEREFORE, Plaintiff prays the Court that:

1. Under Counts I, and II, Plaintiff be awarded judgment in its favor and against Defendants, jointly and severally, in the amount due under the Agreements and the Guaranties, the exact amount to be proven at or before trial;

2. Under Count III, an order granting the issuance of a writ of possession be entered in favor of Plaintiff granting Plaintiff possession of the Collateral;

3. Under Count IV, Judgment be entered in Plaintiff's favor and against Borrower directing Borrower to specifically perform its obligations under the Agreements, and to return and allow the removal of the Collateral;

4. Under Count V, (a) Borrower and other persons and firms having knowledge of the injunction be temporarily, preliminary, and permanently enjoined from using the Collateral as of the date of entry of the injunction order; (b) Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it; and (c) Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral;

5. Under Counts III and IV, Plaintiff be awarded a judgment against Borrower for the value of the Collateral if not delivered, and Plaintiff be awarded a judgment against Borrower for damages for detention;

6. Under Counts I through V, Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

7. Under Counts I through V, Plaintiff be granted such other and further relief as shall be just and equitable.

Dated: August 17, 2023

Respectfully submitted,

/s/ Joseph W. Fulton
One of its attorneys

Joseph W. Fulton (N.C. Bar No. 44388)
MARTINEAU KING PLLC
PO Box 241268
Charlotte, NC 28224
Telephone: (704) 247-8520
Facsimile: (704) 247-8582
JFulton@MartineauKing.com

*Attorneys for Plaintiff BMO Harris Bank N.A.*

# VERIFICATION

I, AJ Willison, declare as follows:

1. I am employed by BMO Harris Bank N.A. ("Plaintiff"), as a Litigation Specialist and maintain an office at 3925 Fountains Drive NE, Cedar Rapids, Iowa.

2. Plaintiff is the owner of the accounts of Night Nurse Trucking LLC ("Borrower"). I am authorized to make this Verification on behalf of Plaintiff.

3. I am charged with administering Plaintiff's account with Borrower and am one of the custodians of the business records and credit files relating to the accounts of Borrower with Plaintiff. I certify that such documentation is maintained by Plaintiff in the ordinary course of its business and as a regular practice.

4. I have read the foregoing Verified Complaint and based upon personal knowledge and the business records of Plaintiff verify that the facts stated in it are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 4, 2023

_____
AJ Willison