# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-cv-00517-RJC-DCK

| | |
|---|---|
| BMO HARRIS BANK N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NIGHT NURSE TRUCKING LLC and ) | |
| CLARA GITHINJI, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff BMO Harris Bank N.A.'s Motion for Claim and Delivery and Preliminary Injunction. (Doc. No. 4). On review of that motion and accompanying memorandums and exhibits, Plaintiff's Motion for Claim and Delivery and Preliminary Injunction, (Doc. No. 4), is **GRANTED**.

In granting Plaintiff's Motion, the Court finds:

1. Borrower is in default under the Loan and Security Agreement dated January 23, 2020, executed by Plaintiff, as lender, and Borrower, as borrower (the "First Loan Agreement");

2. Borrower is in default under the Loan and Security Agreement dated July 27, 2021, executed by Plaintiff, as lender, and Borrower, as borrower (the "Second Loan Agreement" and together with the First Loan Agreement, the "Agreements");

3. Plaintiff possesses a first-priority security interest in the equipment described in the Agreements, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (the "Collateral");

4. Borrower has possession or control of the following units of Collateral and has failed or refused to surrender the same Plaintiff (hereinafter, the "Collateral"):

| Agmt. | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2020 | Great Dane | Refrigerated Vans 53' | Trailer | 1GR1A0621LW182695 |
| Second | 2020 | Kenworth | W990 | Tractor | 1XK1D49X8LJ428322 |

5. The Agreements entitle Plaintiff to repossess and remove the Collateral in the event of a default by Borrower;

6. Plaintiff has notified Borrower of the defaults under the Agreements and demanded possession of the Collateral;

7. In the event of default, the Agreements require Borrower to "assemble the Equipment and deliver it to Lender at a place to be designated by Lender" (Doc. Nos. 1-1, 1-2);

8. Borrower has the ability to remove the Collateral from this Court's jurisdiction before a judgment can be rendered on this matter;

9. Due to the mobile nature of the Collateral, an order of seizure, without the accompanying injunctive relief, is not an adequate remedy at law, and in this case, it appears more likely than not that Borrower will be unable to respond in money damages;

10. Plaintiff has given proper notice to Defendants Night Nurse Trucking LLC ("Borrower") and Clara Githinji ("Guarantor") by service through United States Mail;

11. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction, including specifically Guarantor are: (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the precise location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff; and

12. Plaintiff has satisfied the grounds necessary for injunctive relief as well as the grounds necessary for pre-judgment possession of the Collateral under N.C. Gen. Stat. § 1-472 *et seq*.

Based on these findings, and for the reasons stated in open court and on the record, **IT IS, HEREBY, ORDERED THAT**:

A. Plaintiff is entitled to immediate possession of the Collateral, wherever located;

B. Borrower and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), including specifically Clara Githinji, and any other person or entity in active concert or participation with Borrower having actual notice of this Preliminary Injunction by personal service or otherwise, are hereby enjoined and restrained from:

1. Transporting, using, pledging, encumbering, selling, transferring, or disposing of the Collateral, either in the operation of the business of Borrower or otherwise, except as may be necessary to move or transport the Collateral in order to comply with this Order; and

2. Restricting, limiting, or conditioning either the access of Plaintiff to the Collateral or Plaintiff's ability to take possession of the Collateral.

C. Borrower and any of its responsible managing agents, officers, directors, or employees (acting within the scope of his or her office or employment), including specifically Clara Githinji, and any other person or entity in active concert or participation with Borrower having actual notice of this Preliminary Injunction by personal service or otherwise, are hereby required to:

1. On or before December 15, 2023, disclose to Plaintiff's counsel the precise location of the Collateral; and

2. On or before December 18, 2023, surrender the Collateral in their possession, custody, or control to Plaintiff at one or more locations to be designated by Plaintiff and take all actions necessary to allow Plaintiff to obtain access to and possession of the Collateral, including terminating sub-leases, if any, and

obtaining the Collateral from any third parties who may have possession, custody, or control over the Collateral.

D. Borrower shall immediately notify all of its responsible managing agents, officers, directors, employees, and agents of the entry of this Preliminary Injunction and the terms thereof; and

E. Plaintiff shall post a bond of twenty thousand dollars ($20,000).

**SO ORDERED**.

Signed: December 15, 2023

*/s/ Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge